

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00234-CR

MARK BOLIN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
TRIAL COURT NO. CR-2012-08710-B

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Mark Bolin of theft of property valued at $50 or more but less than $500.[2] The trial court sentenced him to 180 days' incarceration in Denton County Jail and a $2,000 fine. Appellant brings two

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. §31.03(e)(2)(A)(i) (West Supp. 2014).

issues on appeal challenging the sufficiency of the evidence. Because we hold that the evidence is sufficient to support the jury's verdict, we affirm the trial court's judgment.

A challenge to the denial of a motion for instructed verdict is actually a challenge to the sufficiency of the evidence.[3] In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[5] The trier of fact is the sole judge of the weight and credibility of the evidence.[6] Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the

---

[3]*Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1051 (2003).

[4]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

[5]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170.

[6]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Dobbs*, 434 S.W.3d at 170.

evidence and substitute our judgment for that of the factfinder.[7]  Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict.[8]  We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.[9]

During its case-in-chief, the State offered the testimony of two Dillard's employees that were at the store on the day of the incident.  Michelle Mendez, a sales associate, testified that she saw Appellant enter the dressing room with a Ralph Lauren Polo shirt with baby blue stripes and then saw him emerge from the dressing room empty-handed.  Mendez testified that she had checked the dressing room before Appellant had entered it, and it was empty.  She explained that the store's policy is to immediately retrieve any items remaining in a dressing room after a customer has left, so she entered the dressing room vacated by Appellant to retrieve the shirt but found the room empty except for a single hanger.  Mendez spoke with Appellant later and saw him wearing the blue-striped shirt under his own.  She then contacted the loss prevention officer, Jonathan Rogers.

---

[7]*Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

[8]*Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *see Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

[9]*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Dobbs*, 434 S.W.3d at 170.

Mendez further testified that she witnessed Appellant pick out two red shirts from the clearance rack, enter the dressing room, and then emerge with only one shirt. Mendez entered the dressing room after Appellant left, and it was, again, empty except for a single hanger. She told the jury that she then spoke with Appellant again and saw the collars of all three shirts he was wearing—a blue one, a red one, and his own. Additionally, Mendez testified that during the conversation, Appellant appeared to be nervous, was sweating, and kept talking about the same thing repeatedly.

After Mendez contacted him, Rogers began to use the surveillance cameras to record and observe Appellant's movement throughout the store. He testified that he too witnessed Appellant pick out two red shirts, enter the dressing room with them, and then emerge with only one. Rogers further testified that although the video quality was poor, while observing the live feed he could see the bottom of the red shirt sticking out from Appellant's open zipper. Appellant later told police that his button had broken and that he was having trouble keeping his pants up. Rogers testified that he watched Appellant pass all available points of sale without paying and then exit the store.

Rogers testified that he and a Dillard's manager approached Appellant after he exited the store and asked him to come back inside, but he refused.

The State played the surveillance video for the jury. The video showed Appellant picking out two shirts and going into a dressing room. He then exited the dressing room with only one shirt and placed that shirt back onto the rack.

4

The video then showed Appellant leaving the store and a Dillard's employee approaching him.

As Appellant drove away, Rogers was able to get the make, model, and license plate number of the vehicle. He then turned this information, along with a description of Appellant, over to the Lewisville Police Department. Rogers testified that the two shirts Appellant took have a combined value of $120.82.

Lewisville Police Detective Jeff Darlington investigated the reported theft. Detective Darlington testified that he spoke with Appellant over the phone. During the conversation, which the State played for the jury, Appellant admitted to the detective that he had been driving the vehicle and had been in the store; however, he told the detective that he had not taken any merchandise. Appellant also told the detective that when the Dillard's employee approached him outside the store, he lifted his shirt to show that he did not have any other shirts on under his. The video shows the Dillard's employee approach Appellant; however, Appellant appears to ignore the employee and walk away.

At the conclusion of the State's case, Appellant moved for a directed verdict. The trial court denied the motion, and the jury convicted Appellant of theft as alleged in the information.

In both of his issues, Appellant argues that the evidence is insufficient to support a verdict of guilty. In his first issue, he asserts that the trial court erred by denying his motion for a directed verdict because the surveillance video did not corroborate the witnesses' testimony, and their testimony could not support a

5

finding of guilty beyond a reasonable doubt when the video clearly showed that Appellant was not in possession of property that did not belong to him. Similarly, in his second issue, Appellant asserts that the jury drew their inferences from the testimony of the Dillard's employees, those inferences were not supported by the video or any other evidence presented at trial, and therefore the State did not meet its burden of proof beyond a reasonable doubt. We disagree.

While it is not clear from the video whether Appellant wore any other shirts under his own, at trial, Mendez testified to personally seeing the two missing shirts under the shirt of Appellant, and Rogers testified to seeing the red shirt under Appellant's.[10] Furthermore, the video does show Appellant entering the dressing room with two shirts and leaving with only one.

A reviewing court must defer to the trier of fact's responsibility to resolve conflicts in testimony, such as two-way evidence, and to draw reasonable inferences from basic facts to ultimate facts.[11] We do not reevaluate the weight and credibility of the evidence. We only ensure that the jury reached a rational decision.[12] Considering the record as a whole, we must hold that the jury's

---

[10] *See Ballard v. State*, No. 01-10-00246-CR, 2011 WL 497072, at *5 (Tex. App.—Houston [1st Dist.] Feb. 10, 2011, no pet.) (mem. op., not designated for publication) (holding that testimony concerning ability to view surveillance video details did not conflict with testimony concerning what witness personally saw).

[11] *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

[12] *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

decision was rational and that the evidence is sufficient to support it. We overrule both of Appellant's issues and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 22, 2015